UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13cv386-FDW

| TERRANCE L. JAMES-BEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| RENOICE E. STANCIL, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court upon Petitioner Terrence James-Bey's pro se Motion to Dismiss (Doc. No. 6), pro se Motion to Lift Stay (Doc. No. 7), and pro se Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 8).

**I. BACKGROUND**

Petitioner is a prisoner of the State of North Carolina currently serving a life sentence without the possibility of parole for first-degree murder. The North Carolina Court of Appeals found no error with respect to his trial, and the Supreme Court of North Carolina denied discretionary review. State v. James, 540 S.E.2d 78 (N.C. Ct. App. 2000) (unpublished), review denied, 547 S.E.2d 31 (N.C. 2001).

From 2004 to 2011, Petitioner, proceeding pro se, filed various state post-conviction petitions, all of which were denied by the state courts. (Mot. to Stay § 2254 1, Doc. No. 2.) During the same period, he also filed a number of applications in this Court for habeas relief pursuant to 28 U.S.C. § 2254. (Mot. to Stay § 2254, supra, at 1-2.) Each time, this Court dismissed his application. See James v. N.C. Dep't of Corr., No. 1:04-cv-201 (W.D.N.C. dismissed Dec. 21, 2004); James v. N.C. Dep't of Corr., No. 1:06-cv-148 (W.D.N.C. dismissed

1

May 15, 2006); James-Bey v. North Carolina, No. 1:11-cv-136 (W.D.N.C. dismissed Aug. 16, 2012).

On June 25, 2012, the Supreme Court of the United States decided Miller v. Alabama, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. 2455, 2460 (2012). Petitioner, who was under 18 at the time he committed the crime for which he was sentenced to life imprisonment, filed a motion in the Fourth Circuit Court of Appeals seeking authorization to file a successive § 2254 habeas petition in the District Court challenging his mandatory life-without-parole sentence as unconstitutional under Miller. The Fourth Circuit granted authorization. See No. 12-287 (4th Cir. May 10, 2013), Doc. Entry 36.

On June 24, 2013, Petitiomer, through counsel Sarah Jessica Farber of North Carolina Prisoner Legal Services ("NCPLS"), filed a successive § 2254 habeas petition in this Court raising an Eighth Amendment claim, as authorized by the Fourth Circuit. Simultaneously, Petitioner, through counsel, filed a motion to stay the § 2254 petition (Doc. No. 2) and a Motion for Leave to Appear Pro Hac Vice by attorney Frederick Liu, (Doc. No. 3). Petitioner sought to place his habeas petition in abeyance pending adjudication of his Motion for Appropriate Relief filed in Cleveland County Superior Court on May 22, 2013, in which he claimed he received a mandatory sentence of life without parole as a juvenile, in violation of the Eighth Amendment. This Court granted the motion to stay and the motion for leave to appear pro hac vice on July 13, 2013. (Doc. No. 5). Proceedings in this matter remain in abeyance pending exhaustion of Petitioner's state remedies relative to his Eighth Amendment claim.

On September 11, 2015, Petitioner filed the instant Motion to Dismiss his habeas § 2254 petition, asserting that there is no record of his "natural person" requesting "an officer of the

2

Court" to represent him and that he is representing himself. (Doc. No. 6 at 1.) His Amended Petition (Doc. No. 8), filed on February 1, 2016, purports to challenge the jurisdiction of the State of North Carolina to hold him in custody.[1] Petitioner's Motion to Lift Stay, filed on January 29, 2016, on the other hand, appears to be motivated by frustration at what he perceives as delaying tactics on the part of the State in his on-going state court proceedings. (Doc. No. 8.)

## II. DISCUSSION

The Constitution does not confer a right to proceed simultaneously by counsel and pro se. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (finding no constitutional right to hybrid representation). See also, United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (holding that where defendant is represented by counsel on appeal and his appeal is not submitted pursuant to Anders v. California, 386 U.S. 738 (1967), defendant may not submit pro se briefing). Notwithstanding his assertions to the contrary, Petitioner is represented by counsel. Petitioner agreed to allow NCPLS to represent him in his current state court-proceedings. (Mot. to Stay 3, Doc. No. 2; Doc No. 4.) It was counsel from NCPLS who filed Petitioner's current § 2254 habeas petition in this Court. (Pet. 26, Doc. No. 1.) Petitioner has not presented any evidence that he is no longer represented by NCPLS, Mr. Liu, or any other counsel.

The fact that Petitioner may not recognize or acknowledge that he is represented by counsel, does not change the fact that he is. Absent credible evidence that he is no longer represented by counsel, the Court is not obligated to consider Petitioner's pro se filings, see

---

[1] These documents bear the hallmarks of the "sovereign citizen" movement, whose adherents, according to the FBI, purport to believe "the government is operating outside of its jurisdiction and generally do not recognize federal, state, or local laws, policies, or governmental regulations." Sovereign Citizens: An Introduction for Law Enforcement, FBI Domestic Terrorism Operations Unit II, Nov. 2010, at 1, http://info.publicintelligence.net/fbi–introduction-to-sovereign-citizens.

3

Wiggins, 465 U.S. at 183, and Petitioner has provided no rational or merit-worthy grounds for the Court to do so.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's pro se Motion to Dismiss (Doc. No. 6), pro se Motion to Lift Stay (Doc. No. 7), and pro se Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 8) are **DISMISSED**.

Signed: May 9, 2016

Frank D. Whitney
Chief United States District Judge