UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00386-FDW

| TERRANCE L. JAMES-BEY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| RENOICE E. STANCIL, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner Terrence James-Bey's pro se Motion for the Court to "exercise Article Three (3) authority to dissolve, dismiss and quash all "criminal" matters related to "TERRANCE LAMONT JAMES" (Doc. No. 18) and pro se Motion to Amend (Doc. No. 19). Petitioner is represented by counsel.

Petitioner is a prisoner of the State of North Carolina serving a life sentence for first-degree murder. On June 24, 2013, Petitioner filed a Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254, in this Court, raising an Eighth Amendment claim.[1] (Doc. No. 1.) Action on the Petition has been stayed since July 13, 2013, while Petitioner exhausts his Eighth Amendment claim in the state courts. (Doc. No. 5.)

These are Petitioner's fifth and sixth pro se motions in this action. As the Court explained when dismissing Petitioner's first, second, third, and fourth motions, the Constitution does not confer a right to proceed simultaneously by counsel and pro se (Doc. Nos. 9, 12). See

---

[1] Further background in this matter may be found in this Court's May 10, 2016 Order (Doc. No. 9) dismissing Petitioner's pro se Motion to Dismiss (Doc. No. 6), pro se Motion to Lift Stay (Doc. No. 7), and pro se Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 8).

1

McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (finding no constitutional right to hybrid representation); see also, United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (holding that where defendant is represented by counsel on appeal and his appeal is not submitted pursuant to Anders v. California, 386 U.S. 738 (1967), defendant may not submit pro se briefing). Absent credible evidence that Petitioner is no longer represented by counsel, the Court is not obligated to consider his pro se filings. See Wiggins, 465 U.S. at 183.

**IT IS, THEREFORE, ORDERED** that Petitioner's pro se Motion for the Court to "exercise Article Three (3) authority to dissolve, dismiss and quash all "criminal" matters related to "TERRANCE LAMONT JAMES" (Doc. No. 18) and pro se Motion to Amend (Doc. No. 19) are **DISMISSED**.

Signed: June 4, 2018

Frank D. Whitney
Chief United States District Judge