UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00386-FDW

| | |
|---|---|
| TERRANCE L. JAMES-BEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| RENOICE E. STANCIL, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Terrence L. James-Bey's pro se Motion to Dismiss Counsel and Dismiss Action (Doc. No. 24) and Mitchell Reich's Motion to Withdraw as counsel (Doc. No. 23).

Petitioner is a prisoner of the State of North Carolina serving a life sentence for first-degree murder. On June 24, 2013, Petitioner filed a Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254, in this Court, raising an Eighth Amendment claim.[1] (Doc. No. 1.) Action on the Petition has been stayed since July 13, 2013, while Petitioner exhausts his Eighth Amendment claim in the state courts. (Doc. No. 5.) Petitioner is represented by Mitchell Reich, an attorney with Hogan Lovells US LLP, and Benjamin Finholt and Sarah Jessica Farber of North Carolina Prisoner Legal Services, Inc. ("NCPLS").

On June 13 and June 14, 2018, the Court docketed letters from Petitioner asking that it disregard any filings prepared by Hogan Lovells. (Doc. Nos. 21, 22.) Mitchell Reich contacted

---

[1] Further background in this matter may be found in this Court's May 10, 2016 Order (Doc. No. 9) dismissing Petitioner's pro se Motion to Dismiss (Doc. No. 6), pro se Motion to Lift Stay (Doc. No. 7), and pro se Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 8).

1

Petitioner and asked if he would like to terminate Reich's representation. (Mot. to Withdraw 1, Doc. No. 23.) In response, Petitioner sent Reich a letter discharging him as counsel (Att. A, Doc. No. 23).[2] In his Motion to Dismiss Counsel, Petitioner "move[s] to dismiss councel [sic], Hogan Lovells, from any and all interference in this matter." (Doc. No. 24.)

According to the Motion to Withdraw, Reich advised Petitioner that "it would likely be in his interest to retain an attorney in this matter." (Mot. to Withdraw 1.) Respondent does not oppose the Motion to Withdraw, and Petitioner is still represented by Finholt and Farber of NCPLS. Accordingly, the Court shall grant the Motion to Withdraw Mitchell Reich as counsel.

The Court shall deny Petitioner's Motion to Dismiss, however. As an initial matter, Petitioner is represented by an individual attorney with Hogan Lovells, not the law firm Hogan Lovells, itself, so his Motion to Dismiss Counsel is moot. As for Petitioner's Motion to Dismiss his § 2254 action, the Court has explained on a number of previous occasions that the Constitution does not confer a right to proceed simultaneously with counsel and to represent one's self (Doc. Nos. 9, 12, 20).[3] See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (finding no constitutional right to hybrid representation); see also, United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (holding that where defendant is represented by counsel on appeal and his appeal is not submitted pursuant to Anders v. California, 386 U.S. 738 (1967), defendant may not submit pro se briefing). Petitioner is still represented by counsel, and absent credible

---

[2] Local Civil Rule 83.1(f) requires that counsel seeking to withdraw must electronically file written consent of their client to their withdrawal, which Reich has done (Att. A, Doc. No. 23). See LCvR 83.1(f) (2017).

[3] Petitioner stresses that he is appearing *in propria persona sui juris*, not "pro se," but he does not explain why the distinction is necessary. (Mot. to Dismiss, Doc. No. 24.) To the extent he believes a distinction exists with respect to jurisdiction, the Court notes Petitioner acquiesced to the Court's *in personam* jurisdiction when he filed his § 2254 action through counsel. "Pro se" simply means "in his own behalf." A petitioner, no matter how he wishes to refer to himself, may not proceed both with counsel and in his own behalf. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011).

evidence to the contrary, the Court is not obligated to consider his pro se filings. See Wiggins, 465 U.S. at 183.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Withdraw Mitchell Reich as Counsel (Doc. No. 23) is **GRANTED**; and

2. Petitioner's Motion to Dismiss Counsel and Dismiss Action (Doc. No. 24) is **DENIED**.

Signed: July 8, 2018

Frank D. Whitney
Chief United States District Judge