UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00386-FDW

| TERRANCE L. JAMES-BEY, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | ORDER |
| RENOICE E. STANCIL, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon Petitioner Terrance L. James-Bey's pro se Motion to challenge the Court's jurisdiction, dismiss counsel, and lift the stay in this case (Doc. No. 31) and additional pro se Motion to lift the stay (Doc. No. 38). Petitioner is represented by counsel.

These are Petitioner's seventh and eighth pro se motions in this action.[1] The Court reiterates its explanation in dismissing Petitioner's previous pro se motions: the Constitution does not confer a right to proceed simultaneously by counsel and pro se (Doc. Nos. 9, 12, 20). See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (finding no constitutional right to hybrid representation); see also, United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (holding that where defendant is represented by counsel on appeal and his appeal is not submitted pursuant to Anders v. California, 386 U.S. 738 (1967), defendant may not submit pro se briefing). Absent credible evidence that Petitioner is no longer represented by counsel, the Court is not obligated to consider his pro se filings. See Wiggins, 465 U.S. at 183.

---

[1] Additional background in this matter may be found in this Court's June 4, 2018 Order (Doc. No. 20) dismissing Petitioner's pro se Motion for the Court to "exercise Article Three (3) authority to dissolve, dismiss, and quash all criminal" matters related to "TERRANCE LAMONT JAMES" (Doc. No. 18) and pro se Motion to Amend (Doc. No. 19).

1

**IT IS, THEREFORE, ORDERED** that Petitioner's pro se Motion to challenge the Court's jurisdiction, dismiss counsel, and lift the stay in this case (Doc. No. 31) and pro se Motion to lift the stay (Doc. No. 38) are **DISMISSED**.

Signed: September 6, 2019

Frank D. Whitney
Chief United States District Judge