UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00386-FDW

| TERRANCE L. JAMES-BEY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RENOICE E. STANCIL, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon a motion by Ben Finholt, Attorney with North Carolina Prisoner Legal Services, Inc. ("NCPLS"), to withdraw as counsel for Terrence L. James-Bey. (Doc. No. 39.) Also before the Court are Petitioner's pro se Motion to Lift Stay, Motion to Dismiss Counsel, Motion for Recusal (Doc. No. 41) and pro se Supplemental Motion to Recuse (Doc. No. 42).

### I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina serving a life sentence for first-degree murder. In 2011, Petitioner filed a § 2254 Petition in this Court, claiming that the State of North Carolina cannot lawfully exert jurisdiction over him because he is a "Moorish-American national with permanent character." See June 3, 2011 § 2254 Pet. 3, James-Bey v. State of North Carolina, et al., No. 1:11-cv-00136-RJC (W.D.N.C.), Doc. No. 1. The Court dismissed the Petition because it was meritless. See Order, id. at Doc. No. 9.

On June 24, 2013, Petitioner, through counsel Sarah Jessica Farber of NCPLS, filed a successive § 2254 habeas petition in this Court raising an Eighth Amendment claim under Miller

1

v. Alabama, 132 S. Ct. 2455 (2012).[1]  Simultaneously, counsel filed a motion to stay the § 2254 petition (Doc. No. 2) and a Motion for Leave to Appear Pro Hac Vice by attorney Frederick Liu, (Doc. No. 3).  Counsel sought to place Petitioner's habeas petition in abeyance pending adjudication of his Motion for Appropriate Relief filed in Cleveland County Superior Court, in which he claimed he received a mandatory sentence of life without parole as a juvenile, in violation of the Eighth Amendment.  This Court granted both motions.  (Doc. No. 5.)

On June 20, 2017, attorney Ben Finholt filed a notice of substitution for Sarah Jessica Farber.  (Doc. No. 11.)  On September 12, 2017, the Court granted attorney Mitchell Reich's motion for leave to appear for Petitioner pro hac vice and Frederick Liu's motion to withdraw as Petitioner's attorney.  (Doc. No. 17).

Beginning in 2015, Petitioner has repeatedly filed frivolous pro se motions, averments, and declarations in this case based upon a "Moorish Nation" jurisdiction theory, see Doc. Nos. 6-8, 12, 18-19, 24, all of which have been dismissed because he is represented by counsel, see Doc. Nos. 9, 16, 20.  In June 2018, Petitioner filed several documents notifying the Court that he refused to recognize Mitchell Reich, or any other attorney from Reich's law firm, as his legal representative and directing the Court to reject any filings from Reich.  (Doc. Nos. 21, 22.)  These were followed by a pro se motion to dismiss counsel, see Doc. Nor. 23, and a motion from Reich to withdraw as counsel, see Doc. No. 24.  On July 9, 2018, the Court granted Mitchell Reich's motion to withdraw as counsel for Petitioner.  (Doc. No. 25.)

A similar pattern ensued with counsel Finholt, wherein Petitioner has sought through

---

[1] The Fourth Circuit Court of Appeals granted Petitioner authorization to file a successive petition to raise a Miller claim.

2

filings with this Court, to terminate Finholt's representation. According to Finholt's Motion to Withdraw, he repeatedly wrote to Petitioner seeking clarification of his status as counsel. His letters went unanswered until March 5, 2019, when he received a letter from Petitioner stating unambiguously that Petitioner did not wish Finholt to represent him. Accordingly, Finholt filed the instant motion to withdraw as Petitioner's counsel.

Thereafter, Petitioner filed the instant pro se motions to lift stay, dismiss counsel, and to recuse. He has made other filings that are not relevant here, some of which will be addressed by separate order.

## II.  DISCUSSION

### A. Motion to Withdraw as Counsel

A defendant has no right to counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). However, the court has discretion to appoint counsel to a financially eligible person when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This Court did not appoint counsel for Petitioner, however, and he has never sought appointment of counsel in this action. Rather, Petitioner already was represented by counsel when his § 2254 Petition was filed.

In 28 U.S.C. § 2242, Congress codified the "next friend" doctrine, which provides that a habeas petition may be brought "by the person for whose relief it is intended or by someone acting in his behalf." Id. "[I]n keeping with the ancient tradition of the doctrine," the Supreme Court has concluded that "one necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." Whitmore v. Arkansas, 495 U.S. 149, 165 (1990). Thus, both the common law and federal statutory law allow

3

for pursuit of habeas corpus relief on behalf of an incompetent prisoner.

While Petitioner's adherence to frivolous legal theories ultimately may be detrimental to the success of his habeas Petition, that does not mean that he is incompetent to proceed. None of his attorneys in this civil action have raised a concern in this Court about Petitioner's competency. Accordingly, counsel Finholt's Motion to Withdraw as Counsel is granted; Petitioner's Motion to Dismiss counsel is denied as moot, and Petitioner shall henceforth represent himself in this action.

**B. Motion to Lift Stay**

The Court granted the motion to hold this action in abeyance so that Petitioner could exhaust his Eighth Amendment <u>Miller</u> claim in the state courts. <u>See</u> June 15, 2013 Order (Doc. No. 5). Nothing in the record before the Court demonstrates that Petitioner has fully exhausted his <u>Miller</u> claim in the state courts. Nevertheless, Petitioner moves to lift the stay in this action. (Doc. No. 41.) As Petitioner is self-represented, the Court shall grant his motion to lift the stay in this action.

**C. Motion to Recuse**

Petitioner seeks to have the undersigned recuse himself in this civil action. Under federal law, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. § 455(a). Recusal is appropriate under § 455(a) only if "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." <u>United States v. Amedeo</u>, 487 F.3d 823, 828 (11th Cir. 2007). Additionally, any judge "shall also disqualify himself under the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal

4

knowledge of disputed evidentiary facts concerning the proceeding; . . . (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy . . . ." 28 U.S.C. § 455(b).

Finally, "[d]ue process guarantees 'an absence of actual bias' on the part of a judge." Williams v. Pennsylvania, 136 S. Ct. 1899, 1905 (2016) (quoting In re Murchison, 349 U.S. 133, 136 (1955)). The inquiry is an objective one. "The Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, 'the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'" Williams, 136 S. Ct. at 1905 (quoting Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 881 (2009)).

As grounds for seeking recusal, Petitioner cites, without explanation, "Moral Turpitude," "continuous efforts to sabotage the development[ ] of this case," incompetence, and "inability to understand the sensitive information involved in this action." (Doc. No. 41.) In his Supplemental Motion to Recuse, however, Petitioner alleges that the undersigned conspired with prison officials to "protect[ ], condon[e], and direct[ ]" prison officials' "religious persecution, harassment, and [physical] attacks," and "destruction of [Petitioner's] religious and personal and legal documents, in order to undermine the effectiveness of [Petitioner's] prosecution of the sensitive information involved" in this action and another civil action before the undersigned. (Doc. No. 42.)

The Court has identified the other civil action as a complaint Petitioner filed pursuant to 42 U.S.C. § 1983, alleging religious persecution and retaliation on the part of various officials at Marion Correctional Institution ("MCI"). See James-Bey v. N.C. Dep't of Public Safety, No.

5

1:19-cv-00020-FDW (W.D.N.C. filed Jan. 22, 2019), Doc. No. 1. In that case, after the Court denied Petitioner's motions for a temporary restraining order and preliminary injunction, see id. at Doc. No. 9, Petitioner wrote a letter to the undersigned that communicated threats against staff at MCI, see Mar. 25, 2019 Let. at 3, id., Doc. No. 10. The U.S. Marshal Service forwarded the letter to MCI, and, as a result, Petitioner was charged with disciplinary infractions, including threatening to harm staff, see id. at 3.

Nothing Petitioner has cited constitutes evidence of bias on the part of the undersigned. As for Petitioner's allegations of "continuous efforts to sabotage the development[ ] of this case," Petitioner has not identified a single error of fact or law in any of the orders issued in this case. The Motion for Recusal and Supplemental Motion to Recuse are without merit and are denied.

**IT IS, THEREFORE, ORDERED** that:

1) Ben Finholt's Motion to Withdraw as Counsel (Doc. No. 39) is **GRANTED**;

2) The Clerk of Court is directed to terminate Ben Finholt as counsel for Petitioner;

3) Petitioner's Motion to Lift Stay, Motion to Dismiss Counsel, Motion for Recusal (Doc. No. 41) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a) The Motion to Lift Stay is **GRANTED**;

   b) The Motion to Dismiss Counsel is **DENIED** as moot;

   c) The Motion for Recusal is **DENIED**; and

4) Petitioner's Supplemental Motion to Recuse (Doc. No. 42) is **DENIED**.

**SO ORDERED.**

Signed: October 14, 2019

Frank D. Whitney
Chief United States District Judge