UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00386-FDW

| | |
|---|---|
| TERRANCE L. JAMES-BEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A. HOOKS, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Respondent's Motion to Dismiss (Doc. No. 57) pro se Petitioner Terrance L. James-Bey's Amended Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254 (Doc. Nos. 1, 27). Also before the Court are Petitioner's "Habeas Jury Trial Demanded 04 CRS 051429" (Doc. No. 43), Letter Motion demanding that Docket Number 43 be opened as a separate civil action (Doc. No. 51), Motion for Recusal (Doc. No. 54), and Motion for Issuance of Letters Rogatory (Doc. No. 60).

I. RELEVANT BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who, on June 30, 1999, was convicted by a Cleveland County Superior Court jury of first-degree murder in the June 29, 1997 shooting of Steve Wood. He was sentenced to life in prison without parole. Petitioner was 17 years old on the date of the murder and 19 years old on the date of his conviction.

In 2000, on direct appeal, Petitioner challenged his conviction, but not his sentence. On October 17, 2000, the North Carolina Court of Appeals ("NCCOA") filed an unpublished opinion finding no error, and on February 1, 2001, the North Carolina Supreme Court ("NCSC") denied his petition for discretionary review ("PDR"). State v. James, No. COA00-224, 540

1

S.E.2d 78 (N.C. Ct. App. Oct. 17, 2000) (unpublished table decision), disc. review denied, 547 S.E.2d 31 (N.C. 2001) (Mem).

From 2004 to 2011, Petitioner, proceeding pro se, filed various state postconviction petitions, which were dismissed or denied. See, e.g., Nos. 536P00-2, 536P00-3, 536P00-4, 536P00-5 (N.C.); Nos. P05-987, P09-835, P11-273 (N.C. Ct. App.). See Am. § 2254 Pet. (Doc. No. 1) at 5. In the same period, he filed applications for habeas relief under 28 U.S.C. § 2254 in this Court, which were dismissed. See, e.g., James v. N.C. Dep't of Corr., No. 1:04-cv-201 (W.D.N.C.) (dismissed as untimely Dec. 21, 2004); James v. N.C. Dep't of Corr., No. 1:06-cv-148 (W.D.N.C.) (dismissed as unauthorized, successive on May 15, 2006); James-Bey v. State of North Carolina, et al., No. 1:11-cv-00136-RJC (W.D.N.C.) (dismissed).

In 2012, the United States Supreme Court decided Miller v. Alabama, in which it held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. 2455, 2460 (2012). Seeking to take advantage of the Miller decision, Petitioner filed a motion for authorization to file a second or successive federal habeas petition in the Fourth Circuit Court of Appeals, see In re James, No. 12-287 (4th Cir. Aug. 16, 2013), DE 2. which was allowed on May 10, 2013.

On May 22, 2013, Petitioner filed a pro se Motion for Appropriate Relief ("MAR") in the Superior Court of Cleveland County alleging his sentence was unconstitutional pursuant to Miller. On June 24, 2013, Petitioner, through counsel, filed a successive § 2254 habeas petition in this Court raising an Eighth Amendment claim under Miller. (Doc. No. 1.) Simultaneously, counsel filed a motion to stay the § 2254 petition (Doc. No. 2) so that Petitioner could exhaust his Miller claim in the state courts, which the Court granted, see Doc. No. 5.

2

Since then, Petitioner has filed numerous frivolous pro se motions and "amendments" to the Petition, only one of which has been accepted by the Court, see Doc. No. 27-3.[1] For the reasons stated in various Orders, see Doc. Nos. 25, 53, the Court has permitted all of Petitioner's attorneys to withdraw, and Petitioner is now proceeding pro se.

On April 3, 2019, the trial court granted Petitioner a hearing on his Eighth Amendment claim in his MAR; it was calendared for the April 29, 2019 criminal administrative term of the Superior Court of Cleveland County. See April 3, 2019 Order, Resp't's Ex. 4 (Doc. No. 58-5). The order was subsequently modified to change the scheduled date of the hearing. See May 3, 2019 Order, Resp't's Ex. 5 (Doc. No. 58-6). Petitioner's hearing was then calendared for January 13, 2020. See Jan. 13, 2020 Cleveland Cnty. Superior Crt. Trial Calendar, Resp't's Ex. 6 (Doc. No. 58-7), at 5.

Upon Petitioner's pro se Motion (Doc. No. 41), the Court lifted the stay in this action, see Doc. No. 53, and on November 25, 2019, ordered Respondent to file an answer, motion, or other response to the Petition, see Doc. No. 55. Thereafter, Respondent filed an initial Response (Doc. No. 56) and a Motion to Dismiss (Doc. No. 57), arguing that Petitioner had failed to exhaust his Miller claim. The Court entered a Roseboro Order (Doc. No. 59), notifying Petitioner of his

---

[1] The Court dismissed Petitioner's Feb. 1, 2016 Amended Petition (Doc. No. 8), June 20, 2017 Motion to Lift Stay and Amend Action (Doc. No. 12), and June 1, 2018 Motion to Amend/Correct (Doc. No. 19) because Petitioner filed them pro se while he was represented by counsel, see Doc. Nos. 9, 16, 20. For the reasons stated in its Order closing one of Petitioner's separately filed pro se § 2254 petitions, see Doc. No. 27-3, the Court allowed Petitioner to amend the habeas Petition in this case once, even though he was still represented by counsel, see Doc. No. 27. After that, Petitioner filed a "Declaration of Amendment" (Doc. No. 34) and a "Pro Se Amended Habeas Corpus" (Doc. No. 36), while still represented by counsel.

Separate and apart from the fact that a court is not required to consider a represented party's pro se filings, Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a pleading once as a matter of course, see Fed. R. Civ. P. 15(a)(1)(A), which Petitioner already has done, see Doc. Nos. 27, 27-3. Thereafter, a party may amend a pleading only with the agreement of the other party or with leave of the court. See Fed. R. Civ. P. 15(a)(2). Petitioner has not sought leave of this Court to further amend his habeas Petition. Accordingly, Petitioner's "Declaration of Amendment" (Doc. No. 34) and "Pro Se Amended Habeas Corpus" (Doc. No. 36) are not amendments to the habeas Petition, and the Court does not consider them.

right to respond to the Motion to Dismiss and providing him thirty (30) days to do so.

Petitioner's response was due on or about February 15, 2020. As of the date of this Order, Petitioner has not filed a response to Respondent's Motion to Dismiss. He has, however, filed a "Letter of Rogatory", which has been docketed as a "Motion for Issuance of Letters Rogatory," purporting to appoint the Clerk of this Court as his "fiduciary trustee . . . to perform an accounting of the total amount of the Bill of the full settlement and closure in the matter of State . . . v. Terrance James, Case # 97 CRS 7870 and 04 CRS 51249 . . . ." (Doc. No. 60.)

## II. DISCUSSION

### A. Miller Claim

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). Furthermore, the prisoner must present the federal claim to *all* appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845 (emphasis added).

4

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction and/or sentence to the NCCOA and then petitioning the NCSC for discretionary review, or by filing a post-conviction MAR in the trial court and then petitioning the NCCOA for a writ of certiorari. See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422. Petitioner has not demonstrated that he has exhausted his Miller claim. Although he filed an MAR in the trial court raising a Miller claim, Petitioner has not demonstrated that the trial court has ruled on the claim or that he has petitioned the NCCOA for a writ of certiorari if the trial court ruled against him. Because the Court granted Petitioner's motion to lift the stay in this action, it is no longer in abeyance, and his Miller claim must be dismissed as unexhausted. See § 2254(b)(1)(A).

**B.    Jurisdiction Claim**

In his amendment to the Petition, Petitioner claims that the State of North Carolina does not have legal custody over him because he is a Moor. See Am. § 2254 Pet. (Doc. No. 27). Under 28 U.S.C. § 2244(b)(4), a district court "shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that:"

> (A) . . . the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2244(b)(2). As Petitioner's claim does not rely on a new rule of constitutional

law, and the factual predicate for the claim was discoverable at the time of his trial, this claim must be dismissed.

      **C.**      **Habeas Corpus Jury Trial Demanded and Related Motion**

Petitioner's filing titled "Habeas Corpus Jury Trial Demanded 04 CRS 051429" (Doc. No. 43) was intended by him to be filed as a separate habeas action, <u>see</u> Ltr. Mot. demanding that Doc. No. 43 be filed as a separate action (Doc. No. 51), challenging a McDowell County conviction for an offense committed in 2004. Ordinarily, the Court would direct the Clerk of Court to open a separate action for the 04 CRS 051429 judgment. In this case, however, Petitioner's Motion demanding that a new action be opened shall be denied. The filing titled "Habeas Corpus Jury Trial Demanded 04 CRS 051429" fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure and Rule 2(c)(1)-(2) of the Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254. Accordingly, it shall be dismissed without prejudice to Petitioner properly filing a petition for writ of habeas corpus challenging the judgment entered in 04 CRS 051429.

      **IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss (Doc. No. 57) **GRANTED**;

2. The Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED without prejudice**;

3. Petitioner's "Habeas Corpus Jury Trial Demanded 04 CRS 051429" (Doc. No. 43) is **DISMISSED without prejudice**;

4. Petitioner's Letter Motion demanding that Docket Number 43 be opened as a separate civil action (Doc. No. 51) is **DENIED**;

5. Petitioner's Motion for Recusal (Doc. No. 54) is **DENIED** as frivolous;

6. Petitioner's Motion for Issuance of Letters Rogatory (Doc. No. 60) is **DENIED** as

frivolous; and

7. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: March 9, 2020

Frank D. Whitney
Chief United States District Judge