UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00386-FDW

| TERRANCE L. JAMES-BEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| ERIK A. HOOKS, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on *pro se* Motion for Appointment of Counsel filed on February 5, 2021 (Doc. 71) and Petitioner's Motion for Reconsideration filed on February 3, 2021 (Doc. 72). For the reasons set forth below, these motions are denied.

I. **Motion for Appointment of Counsel**

Petitioner moves this Court for the appointment of counsel "to bring this case to a speedy resolution." (Doc. 71). This is a § 2254 proceeding, for which there is no constitutional right to the appointment of counsel. Crowe v. United States, 175 F.2d 799 (4th Cir. 1949). Petitioner was represented by counsel at the time he filed his § 2254 Petition, and this Court granted counsel's Motion to Withdraw on October 15, 2019. (Doc. 53). Since that time, Petitioner has been proceeding *pro se*.

This Court has already addressed Petitioner's § 2254 Petition, having entered an Order dismissing the Petition on March 9, 2020. (Doc. 62). As discussed below, Petitioner sets forth no sufficient grounds to justify reconsideration or reinstatement of this matter. As such, there are no circumstances that justify the need for appointment of counsel. Accordingly, Petitioner's motion for appointment of counsel shall be denied.

## II. Motion for Reconsideration

On March 9, 2020, this Court dismissed Petitioner's Amended Petition for Writ of Habeas Corpus. (Doc. 62). Petitioner now files a "Motion for Reconsideration and Reinstatement." (Doc. 72). In support of his Motion, Petitioner complains about Defendant's harassment and interference with receipt of his prison legal mail. Petitioner states that in light of the circumstances, this Court should reinstate the matter. (Doc. 72, p. 1-3).

To the extent that Petitioner seeks reconsideration of the dismissal of his § 2254 Petition under Rules 59 or 60, he has failed to state any basis for such relief. See Fed. R. Civ. P. 59, 60; Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(courts may grant Rule 59 motion in narrow circumstances to accommodate a change in law, account for previously unavailable evidence, or correct a legal error); Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)(relief from judgment under Rule 60(b)(6) should be granted only upon a showing that it is "appropriate to accomplish justice" in "situations involving extraordinary circumstances.").

Petitioner has not shown the existence of any circumstances to support any Rule 59 or Rule 60 motion and has failed to set forth any sufficient basis to justify granting reconsideration or reinstatement of this matter. As such, Petitioner's motion for reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for appointment of counsel (Doc. 71) is **DENIED**.

2. Petitioner's Motion for Reconsideration (Doc. 72) is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 16, 2021

Frank D. Whitney
United States District Judge